# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : 3:18-CV-1470 |
| **WILLIAM EARL CAREY**, individually | : **(JUDGE MARIANI)** |
| and in his capacity as Heir of | : |
| Daniel C. Carey, Deceased; | : |
| **DIANE CONSIDINE**, solely in her | : |
| capacity as Heir of | : |
| Daniel C. Carey, Deceased; | : |
| **FREDERICK CAREY**, solely in his | : |
| capacity as Heir of | : |
| Daniel C. Carey, Deceased; | : |
| **DANIEL R. CAREY**, solely in his | : |
| capacity as Heir of | : |
| Daniel C. Carey, Deceased, | : |
| | : |
| Defendants | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the United States' Motion for Default Judgment (Doc. 9). For the reasons set forth herein, the Court will grant the United States' motion.

On July 25, 2018, Plaintiff, the United States of America on behalf of its Agency, the Rural Housing Service, filed a Complaint seeking mortgage foreclosure on property located at 443 Cragle Hill Road, Shickshinny, PA 18655, and naming as Defendants William Earl Carey (individually and in his capacity as Heir of Daniel C. Carey, Deceased); Diane Considine (solely in her capacity as Heir of Daniel C. Carey, Deceased); Frederick Carey

(solely in his capacity as Heir of Daniel C. Carey, Deceased); and Daniel R. Carey (solely in his capacity as Heir of Daniel C. Carey, Deceased). (Doc. 1).

The record reflects that on August 22, 2018, an attorney, on behalf of Defendant Frederick Carey, signed a Federal Waiver of Service of Summons (Doc. 5); that on September 17, 2018, Defendants Daniel R. Carey and Diane Considine were served with the summons and complaint; and that on December 5, 2018, Defendant William Earl Carey was also served with the summons and complaint (Doc. 7). Although each defendant was served, no attorney has entered an appearance on behalf of any defendant nor have the defendants filed any pleading or performed any other action to otherwise defend the case. Thus, on January 8, 2019, the United States filed a Request for Entry of Default, pursuant to Fed. R. Civ. P. 55(a), against all defendants (Doc. 8). The Clerk of Court entered default against the defendants on January 9, 2019. (Doc. 12). Simultaneously with the filing of the Request for Entry of Default, the United States filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b) (Doc. 9).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the

2

defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. BACKGROUND

The well-pleaded factual allegations of the Complaint, which the Court takes as true, *see DIRECTV*, 431 F.3d at 165 n. 6, are set forth below.

On or about November 7, 1990, the United States, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, loaned to Daniel C. Carey, the Original Mortgagor/Record Owner, the sum of $70,590.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.* (Doc. 1, at ¶ 3). On November 7, 1990, as evidence of the indebtedness, Daniel C. Carey, as the Original Mortgagor/Record Owner, executed and delivered to the United States a Promissory Note in the amount of $70,590.00, and for the purpose of securing the United States against loss, executed and

acknowledged a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage, specifically 443 Cragle Hill Road, Shickshinny, Pennsylvania, 18655, to the United States. (*Id.* at ¶¶ 4, 5, 11). The Real Estate Mortgage was recorded on December 4, 1990 with the Office of the Recorder of Deeds, Luzerne County, Pennsylvania. (*Id.* at ¶ 5).

On February 7, 1999, the Promissory Note was re-amortized in the amount of $71,467.41. (*Id.* at ¶ 6).[1]

Daniel C. Carey died on January 14, 2008 intestate. He was survived by his heirs-at-law, current defendants Diane Considine, Daniel R. Carey, Frederick Carey, and William Earl Carey. (Doc. 1, at ¶ 8).

On or about August 18, 2008, William Earl Carey executed an Assumption Agreement wherein he agreed to assume liability for the afore-discussed Promissory Note and Real Estate Mortgage. (*Id.* at ¶ 9).

The United States is the owner and holder of the Note and Mortgage and neither has been assigned. (*Id.* at ¶ 10).

The United States asserts that the Note and Mortgage are in default as all of the defendants "have failed or refused to comply with the provisions of the Note and Mortgage; as follows: (a) failed or refused to pay the installments of principal and interest when due;

---

[1] The original re-amortization agreement was lost or misplaced and the Government states that the agreement cannot be located. In substitution, the United States attached to the Complaint a copy of the re-amortization agreement, as well with an Affidavit of Lost Reamortization Agreement (Doc. 1, at ¶ 7; Doc. 3, at Ex. C, D).

4

(b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property." (*Id.* at ¶ 12). The Complaint therefore states that due to these breaches, the United States "elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable." (*Id.* at ¶ 13).

By letter dated October 13, 2015, the United States mailed Defendant William Earl Carey a Notice of Intention to Foreclose by certified mail to his last-known address. (*Id.* at ¶ 15; Doc. 3, at Ex. G).

According to the United States, the amounts due and owing on the Note and Mortgage, totaling $139,382.07, are calculated as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $34,741.05 |
| Interest from 6/7/2015 to 8/5/2017 at 9.0000% | $6,767.31 |
| Interest Recapture | $92,745.77 |
| Late Charges | $58.80 |
| | **$134,312.93** |
| Fees Required with Payoff Funds | +$407.95 |
| Fees Currently Assessed | +$4,661.19 |
| TOTAL | **$139,382.07** |

(Doc. 1, at ¶ 14).

## IV. ANALYSIS

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *United States v. Abell*,

2012 WL 37627, at *2 (M.D. Pa. 2012) (granting United States' unopposed motion for summary judgment in mortgage foreclosure action where Defendant secured loan pursuant to Title V of the Housing Act of 1949) (collecting cases).

Here, the Government's allegations, when taken as true, state a valid cause of action for a mortgage foreclosure. The Government has adequately pleaded, and supported through exhibits and affidavits attached to the Complaint and Motion for Default Judgment, the existence of an obligation secured by a mortgage and promissory note, and a default by the defendants on that obligation through their failure to comply with the provisions of the mortgage and note by not paying the installments of principal and interest and the real estate taxes and by failing to maintain the security of the property.

In determining whether to grant a motion for default judgment, a Court must also consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

With respect to the prejudice to the United States if default is denied, this factor weighs in favor of the Government. Absent the default judgment, the United States will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claim and is left with no alternative means to vindicate its claim against the defaulting party. Furthermore, the record reflects that Defendants have been in default on the property since

July 7, 2015, and the United States has therefore not received any payment for almost four years and will continue to suffer prejudice should this action not be timely resolved.

As to whether the defendants appear to have a litigable defense, this factor also weighs in favor of the Government. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, no defendant has filed an answer or performed any other action to defend the case or set forth any meritorious defenses and this Court is not aware of one or more possible defenses which may constitute a complete defense here.

The third factor, whether the defendants' delay is due to culpable conduct, also weighs in favor of the United States. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). Although the Court is reluctant to attribute bad faith to any defendant, the record reflects that all four defendants were served between August and December, 2018 (Docs. 5, 7). All Defendants have therefore been on notice of this action for, at minimum, six months. The Government further mailed the Motion for Default Judgment, Memorandum of Law, and accompanying documents, in January, 2019, to each defendant in an attempt to place them on notice of the present motion. (Doc. 9, at 4). Despite service of the Complaint and the

Motion for Default Judgment and accompanying documents, all defendants have failed to respond or take any other action to defend this lawsuit for over six months. At minimum, this lack of action amounts to deliberate and willful conduct.

Finally, although the Court does not take as true the moving party's factual allegations or legal conclusions relating to the amount of damages as set forth in the Complaint, *Comdyne I, Inc.*, 908 F.2d at 1149, the United States has offered support for its claim for a sum certain of $139,382.07 in its documents supporting the Complaint and the Motion for Default Judgment, including the Promissory Note and Mortgage for the property at issue, both signed by Daniel C. Carey, the Original Mortgagor/Record Owner; the Reamortization Agreement and Affidavit of Lost Reamortization Agreement; the Assumption Agreement signed by William Earl Carey in August, 2008; and the Notice of Acceleration and Intent to Foreclose (*see* Doc. 3, Ex. A-F); as well as the Affidavit of Rebecca Solarz (Doc. 9, at 2-3). Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2). However, a hearing is not necessary in this case where the United States seeks a foreclosure of the promissory note and mortgage as this amount is a sum certain that has been adequately supported by the evidence of record. *See e.g., United States v. Sourbeer*, 2016 WL 5373641, at *2 (M.D. Pa. 2016)("There are no damages, as Plaintiff seeks a

foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees, totaling $231,842.91. . . This amount is a sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default.' *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005)."); *United States v. Kline*, 2019 WL 1354150, at *2 (M.D. Pa. 2019).

## V. CONCLUSION

For the foregoing reasons, the Court will grant the United States' Motion for Default Judgment (Doc. 9). A detailed Order follows.

 

 

_____
Robert D. Mariani
United States District Judge

9